# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

M&T BANK,

    Plaintiff,

       v.

ROBIN WATKINS,

    Defendant.

)
)
)
)
)
)
)
)
)
)

C.A. No. N16L-02-093 CLS

## ORDER

On this 29th day of July, 2016, and upon consideration of Defendant Robin Watkin's ("Defendant") Motion to Dismiss and Plaintiff M&T Bank's ("Plaintiff) Response thereto, the Court finds as follows:

Plaintiff filed this *scire facias sur* mortgage action against Defendant on February 15, 2016, arising out of Defendant's alleged breach by non-payment of monthly installments due under a mortgage executed by Defendant and pertaining to real property located in Bear, Delaware. In its complaint, Plaintiff alleges that Defendant executed and delivered the mortgage-at-issue to Meridian Bank on June 28, 2013, which mortgage was thereafter duly assigned to Plaintiff by Meridian Bank for valuable consideration.[1] The complaint contains a demand that Defendant answer by affidavit pursuant to 10 *Del. C.* § 3901.

---

[1] Copies of the mortgage and the assignment are attached to and expressly incorporated into the complaint.

On April 4, 2016, Defendant filed her motion to dismiss, arguing that Plaintiff lacks standing to institute this foreclosure action, because Plaintiff neither alleges that it the holder of the note or that it is entitled to enforce the note and the mortgage. Thus, Defendant asserts that Plaintiff is not the proper party in interest pursuant to 10 *Del. C.* § 5061(a). Defendant's attached affidavit in support of the motion does not appear to answer any of the complaint's allegations.

When deciding a motion to dismiss, the Court only considers "the well-pleaded allegations in the complaint."[2] In doing so, all factual allegations in the complaint are accepted as true.[3] Therefore, a complaint will not be dismissed unless it clearly lacks factual or legal merit.[4] Where matters outside of the pleadings are presented to the Court, the Court may only consider the documents without converting the motion to dismiss to a motion for summary judgment if "the document is integral to a plaintiff's claim and incorporated into the complaint" or if "the document is not being relied upon to prove the truth of its contents."[5]

Section 5061(a) of Title 10 of the Delaware Code sets forth the procedure for instituting a *scire facias sur* mortgage foreclosure proceeding in this Court,

---

[2] *Doe v. Cahill*, 884 A.3d 451 (Del. 2005) (quoting *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[3] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[4] *Diamond State Tel. Co. v. Univ. of Del.*, 269 A.2d 52, 58 (Del. 1970).
[5] *In re Santa Fe Pac. Corp. Shareholder Litig.*, 669 A.2d 59, 68-69 (Del. 1995); *see Hillman v. Hillman*, 910 A.2d 262, 269 (Del. Ch. 2006) ("in certain circumstances, the court may consider the plain terms of documents incorporated in the complaint without thereby converting the motion into one for summary judgment").

and, as recognized by Defendant, entitles "the mortgagee, the mortgagee's heirs, executors, administrators, successors or assigns" to institute a mortgage foreclosure action against, *inter alia*, the mortgagor.[6]

Plaintiff argues that (i) it has standing to bring this action pursuant to 25 *Del. C.* §§ 2101 *et seq.*, and that (ii) under Delaware law, the mortgagee's right to foreclose by an action in *scire facias sur* mortgage is based only upon the mortgage, which is a matter of record, and not the note. Furthermore, Plaintiff argues that, because the available defenses in a *scire facias sur* mortgage action are limited to payment, satisfaction, absence of seal, or a plea in avoidance of the deed, the status of the note is irrelevant.

As a threshold matter, to the extent that Defendant's motion contests the validity of the mortgage assignment to Plaintiff, Delaware courts, including this Court, have consistently held that where, as here, there has been no showing by the defendant that he or she is a party to a mortgage assignment or is a third party beneficiary to the assignment or that he or she has suffered any legal harm as a result of the assignment, "the [defendant] has no legally cognizable interest in an assignment and therefore is not in a position to complain about it."[7] Therefore, it is Defendant who lacks standing to contest the assignment.

---

[6] 10 *Del. C.* § 5061(a).
[7] *Branch Banking & Trust Co. v. Eid*, 2013 WL 3353846, at *4 (Del. Super. June 13, 2013) (citing *CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670 (Del. Super. Mar. 4, 2013)).

3

As to Defendant's assertion that Plaintiff lacks standing to bring this mortgage foreclosure action, Delaware statutory law explicitly provides that it—as an assignee of the mortgagee—can.[8]  Furthermore, Delaware case law has made it clear that "[s]*cire facias sur* mortgage actions are *in rem* proceedings and 'are based upon the mortgage, not the [n]ote.'"[9]  Therefore, where Plaintiff's complaint plainly alleges that Defendant obtained a mortgage on her property, that the mortgagee then assigned its entire interest in said mortgage to Plaintiff for valuable consideration, and that Defendant is now in breach of the mortgage for non-payment, Plaintiff has properly instituted a *scire facias sur* mortgage action that is sufficient to survive Defendant's motion to dismiss.

Finally, to the extent that Defendant's motion asserts any other defense not directly related to underlying mortgage transaction, such defenses are not recognized by Delaware courts as being applicable under the circumstances.[10]  And, to the extent that Defendant's motion references any material outside of the complaint, such material is not properly considered on a motion to dismiss.

---

[8] 10 *Del. C.* § 5061(a).

[9] *Deutsche Bank Nat'l Trust Co. v. Moss*, 2016 WL 355017, at *3 (Del. Super. Jan. 26, 2016) (quoting *HSBC Mortgage Corp. (USA) v. Bendfeldt*, 2014 WL 600233, at *2 (Del. Super. Feb. 4, 2014), *aff'd sub nom. Bendfeldt v. HSBC Mortgage Corp. (USA)*, 2014 WL 4978666 (Del. Oct. 7, 2014)); *see Davis v. 913 N. Mkt. St. P'ship*, 1996 WL 769326, at *1 (Del. Super. Dec. 12, 1996) ("The [] note and the mortgage confer separate rights and obligations.  Thus, the [] note is a separate matter and is not part of the foreclosure action on the mortgage.").

[10] *See JPMorgan Chase Bank v. Smith*, 2014 WL 7466729, at *3-4 (Del. Super. Dec. 15, 2014) (quoting *Bishop*, 2013 WL 1143670, at *5) ("Delaware courts recognize the defenses of payment, satisfaction or avoidance.").

4

Accordingly, for the foregoing reasons, Defendant's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

*/S/Calvin l. Scott*

The Honorable Calvin L. Scott, Jr.

cc:     Prothonotary